# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

RONALD CHRISTIAN,

                Plaintiff,

    v.

MICHAEL DUNLEAVY, *et al.,*

                Defendants.

Case No. 3:25-cv-00118-SLG

## SCREENING ORDER

On June 9, 2025, self-represented prisoner Ronald Christian ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, a motion for court-appointed counsel, and a notice.[1] On June 20, 2025, Plaintiff filed a motion requesting the Court return to him certain original documents he filed in this case. Plaintiff's claims relate to events that allegedly occurred while he was serving a sentence at the Anchorage Correctional Complex East ("ACC-E") in the custody of the Alaska Department of Corrections ("DOC").[2] Plaintiff brings claims of inadequate medical care under the Eighth Amendment and medical malpractice against private health care providers and facilities, the Governor of Alaska, and two DOC officials. For relief, Plaintiff seeks monetary damages and declaratory relief.[3]

---

[1] Dockets 1-4.

[2] Docket 1 at 1.

[3] Docket 1 at 21.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint, but only against certain of the named defendants as discussed herein, that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[4] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to

---

[4] 28 U.S.C. §§ 1915, 1915A.

[5] 28 U.S.C. § 1915(e)(2)(B).

the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[10] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[11]

---

[6]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims"), *amended by* 275 F.3d 1187 (2001).

[10] *Karim-Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[11] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

## DISCUSSION

### I.    Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[14] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[15] Further, multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[16] Unrelated claims against different defendants must be filed in separate lawsuits.

---

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[14] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[15] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[16] Fed. R. Civ. P. 20(a)(2).

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 4 of 24

## II.    Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[17] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[18] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[19] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[20]

A supervisor can be held liable in his or her individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[21] And "there can be no such supervisorial liability in the absence of an underlying constitutional violation" by a subordinate.[22]

---

[17] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[18] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[19] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also Health & Hosp. Corp. of Marion Cnty. v. Talevski,* 599 U.S. 166 (2023).

[20] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[21] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[22] *Puente v. City of Phoenix,* 123 F.4th 1035, 1064 (9th Cir. 2024).

"Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action."[23] To satisfy the state actor requirement, the private actor must "fairly be said to be a state actor[,]"[24] which requires that the private actor meet one of four tests:[25] (1) the private actor performs a traditionally public function,[26] (2) the private actor is a "willful participant in joint activity" with the government,[27] (3) the government compels or encourages the private actor to take a particular action,[28] or (4) there is a "sufficiently close nexus" between the government and the challenged action.[29] The "[s]atisfaction of any one test is sufficient to find state action," but "[a]t bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[30]

---

[23] *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983).

[24] *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982).

[25] *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003); *Lee v. Katz,* 276 F.3d 550, 554–55 (9th Cir. 2002).

[26] *Manhattan Cmty. Access Corp. v. Halleck,* 587 U.S. 802, 804 (2019); *Lopez v. Dept. of Health Servs.,* 939 F.2d 881, 883 (9th Cir. 1991).

[27] *Lugar*, 457 U.S. at 941 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

[28] *Kirtley*, 326 F.3d at 1094; *see also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982).

[29] *Lopez,* 939 F.2d at 883 (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351 (1974)).

[30] *Rawson,* 975 F.3d at 749 (quoting *West*, 487 U.S. at 49) (internal quotation omitted).

### III. Screening Review of Plaintiff's Claims

#### A. Summary of Plaintiff's Claims

Plaintiff alleges that on June 8, 2023, he was transported from ACC-E to AA Pain Clinic, where Dr. Shawn Johnston, under contract with DOC, conducted what Plaintiff describes as an incomplete and substandard electrodiagnostic (EDX) examination.[31] Plaintiff alleges Dr. Johnston terminated the testing prematurely after receiving "no response" readings, performed only a brief fifteen-minute evaluation, and failed to record or communicate essential clinical information— including Plaintiff's use of a wheelchair and ongoing sensory deficits. Plaintiff asserts these omissions impeded subsequent providers' decision-making and prolonged his pain and suffering.[32] Plaintiff asserts both an Eighth Amendment claim for inadequate medical care and a medical malpractice claim against Dr. Johnston; he also seeks to hold AA Pain Clinic, Inc. liable as Dr. Johnston's employer.[33]

Then, Plaintiff alleges that on December 15, 2023, he underwent surgery at Orthopedic Physicians Alaska, under contract with DOC, which was performed by Drs. Flanum and Janowski. Plaintiff alleges that following that surgery, Dr. Flanum

---

[31] Docket 1 at 7-8. *See also* Praveen Kumar Ramani, Forshing Lui & Kapil Arya*, Nerve Conduction Studies and Electromyography,* https://www.ncbi.nlm.nih.gov/books/NBK611987 (Feb. 10, 2025) (defining "electrodiagnostic tests" as electrophysiologic techniques used to evaluate the function and integrity of peripheral nerves, nerve roots, plexuses, the neuromuscular junction and muscles).

[32] Docket 1 at 7-8.

[33] Docket 1 at 9.

questioned Plaintiff's lack of sensation and later acknowledged he would not have operated had he known Plaintiff used a wheelchair and lacked sensation in his legs and feet. Plaintiff attributes this lack of information to Dr. Johnston's earlier documentation failures, and he alleges that Drs. Flanum and Janowski's surgery was negligently performed, unnecessary, and caused him further harm. Plaintiff asserts a medical malpractice claim against Drs. Flanum and Janowski;[34] he also seeks to hold Orthopedic Physicians Alaska liable as the doctors' employer.[35]

Three days later, on December 18, 2023, while hospitalized at Alaska Regional Hospital, Plaintiff was assisted by a physical therapist that Plaintiff identifies as John Doe.[36] Plaintiff states that despite warning the therapist that he could not walk, John Doe attempted to mobilize him, during which Plaintiff experienced extreme pain, screamed, and fell partially from the bed, striking his neck when the therapist stepped away. Plaintiff asserts both an Eighth Amendment claim for inadequate medical care and a medical malpractice claim arising from this incident; he also seeks to hold Alaska Regional Hospital liable for John Doe's conduct as John Doe's employer.[37]

Lastly, Plaintiff brings supervisory and policy-based Eighth Amendment claims against Governor Dunleavy, DOC Commissioner Winkelman, and DOC

---

[34] Docket 1 at 10-12.

[35] Docket 1 at 12.

[36] Docket 1 at 13.

[37] Docket 1 at 14.

Case 3:25-cv-00118-SLG    Document 12    Filed 11/18/25    Page 8 of 24

Director of Health and Rehabilitative Services Welch, alleging they each bear responsibility for the DOC's health-care system and each knew of numerous similar prior incidents involving Dr. Johnston and John Doe, yet failed to prevent recurring harm.[38]

**B.** **Claims against Dr. Flanum, Dr. Janowski, and Orthopedic Physicians Alaska**

Plaintiff seeks to bring a medical malpractice claim against Drs. Flanum and Janowski and their employer, Orthopedic Physicians Alaska.[39] Medical malpractice claims are not found in the U.S. Constitution, nor as federal statutory rights. Rather, they are grounded in state law and are most typically addressed in state court.

A federal court may exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as a federal clam, but a plaintiff must first have a cognizable claim for relief under federal law.[40] Here, Plaintiff has not stated any federal claim against Drs. Flanum and Janowski or Orthopedic Physicians Alaska. Further, even if Plaintiff could state a federal claim against the other defendants in this action, his claims against Drs. Flanum and Janowski and Orthopedic Physicians Alaska do not arise from a common nucleus of operative facts. While Plaintiff's surgery by these doctors may bear some

---

[38] Docket 1 at 16-18.

[39] Docket 1 at 10-12.

[40] 28 U.S.C. § 1367(a).

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 9 of 24

relation to the allegations against the other defendants named in his Complaint, this surgery was a distinct medical procedure and is not sufficiently connected to Plaintiff's claims against Dr. Johnston or PT John Doe to warrant the Court's exercise of supplemental jurisdiction over his state law claims.

For these reasons, Plaintiff's claims against Drs. Flanum and Janowski and Orthopedic Physicians Alaska must be dismissed without leave to amend in federal court. However, these claims are dismissed without prejudice to refiling in the Alaska state court.

## C. Claims against Dr. Shawn Johnston and PT John Doe

Plaintiff does not claim that either Dr. Johnston or John Doe were state employees. But to proceed on a Section 1983 claim against either Defendant, Plaintiff must plausibly allege facts that that Defendant was acting as a state actor. There is a "presumption that conduct by private actors is not state action."[41] Generally, private doctors and hospitals are not considered to be state actors.[42] And yet the Supreme Court has held that a private health care provider acts under color of state law when the provider provides medical care to a prison inmate that the state owes a constitutional obligation to the inmate to provide.[43]

---

[41] *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

[42] *Briley v. State of Cal.,* 564 F.2d 849, 855-56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from [§] 1983 actions for failing to come within the color of state law requirement of this section").

[43] *West,* 487 U.S. at 42 (holding that a private contract physician rendering medical services for prisoners at a state prison acted under color of law).

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 10 of 24

The State has an Eighth Amendment obligation to provide adequate medical care to those whom it has incarcerated; private medical providers who contract with the State to fulfill this obligation may be considered state actors.[44] But even assuming that Dr. Johnston or PT John Doe contracted with the State and could be considered state actors, Plaintiff's allegations are insufficient to establish a Section 1983 claim against either provider. In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must plausibly allege facts showing "deliberate indifference" to his "serious medical needs."[45] Deliberate indifference has both a subjective and an objective component.[46] A plaintiff must plausibly allege: (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."[47] A prisoner must show that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the

---

[44] *Rawson*, 975 F.3d at 749. *See also Lopez.,* 939 F. 2d at 883 (per curiam) (holding there was state action where hospital "contract[ed] with the state . . . to provide medical services to indigent citizens" ); *George v. Sonoma County Sheriff's Dept.,* 732 F. Supp. 2d 922 (N.D. Cal. 2010) (applying *West* to hold that even though a medical center was privately owned and also treated non-inmates, its contractual relationship with the county and its role in providing medical care to inmates made it a state actor).

[45] *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976).

[46] *Farmer,* 511 U.S. at 834; *see also* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 ("Particular Rights—Eighth Amendment—Convicted Prisoner's Claim re Conditions of Confinement/Medical Care") and the cases cited therein.

[47] *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006).

plaintiff's health."[48] Deliberate indifference is a high legal standard; a showing of medical malpractice or negligence in diagnosing or treating a medical condition is insufficient to establish a constitutional deprivation under the Eighth Amendment.[49]

Plaintiff's allegations in his Complaint against Dr. Johnston and PT John Doe may support a state law claim for medical malpractice or other tort, but they are insufficient to rise to the level of an Eighth Amendment violation. Therefore, his Complaint against each of these defendants must be dismissed. Because Plaintiff has not stated a Section 1983 claim against either of these private provider defendants, the Court will not exercise supplemental jurisdiction over Plaintiff's related state malpractice claims against these Defendants.[50]

Moreover, Plaintiff's claims against Dr. Johnston and PT John Doe are improperly joined. Unrelated claims that involve different defendants must be brought in separate lawsuits.[51] Although Dr. Johnston saw Plaintiff several months before his surgery and PT John Doe saw Plaintiff shortly after his surgery, his claims against each provider involve different dates and different facts. Similar to Plaintiff's claims based on the surgery itself, his claims based on each incident must be brought as a separate lawsuit. Therefore, if Plaintiff elects to file an amended complaint, he must only include his claims against Dr. Johnston or PT

---

[48] *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (alterations and citation omitted).

[49] *Hamby v. Hammond,* 821 F.3d 1085, 1092 (9th Cir. 2016).

[50] *See* 28 U.S.C. § 1367.

[51] *See* Rule 20, Federal Rules of Civil Procedure.

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 12 of 24

John Doe, not both. His claims against the remaining provider may only be brought in a separate civil case.

### D.  Claims against AA Pain Clinic, Inc. and Alaska Regional Hospital

Even if Plaintiff can plausibly allege facts that would demonstrate that either Dr. Johnston or PT John Doe was deliberately indifferent to his medical needs, Plaintiff's Section 1983 claims against AA Pain Clinic, Inc. and Alaska Regional Hospital would still fail. A private entity cannot be held liable under Section 1983 based solely on the alleged constitutional violation of its employee.[52] There is no vicarious liability under Section 1983.[53] A private entity may only be liable under Section 1983 if: (1) it acted under color of state law, and (2) a policy, practice, or custom of the entity can be shown to be the "moving force behind a violation of constitutional rights."[54]

Because, as discussed above, Plaintiff has failed to plausibly allege that Dr. Johnston or PT John Doe violated his constitutional rights, he cannot plausibly allege that either employer is liable under Section 1983. Moreover, Plaintiff has not identified a policy or custom by either private entity that allegedly caused his injuries. Rather, his medical malpractice claims suggest that he is alleging that the individual providers failed to adhere to accepted medical standards rather than

---

[52] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

[53] *Palmer v. Sanderson,* 9 F.3d 1433, 1437-38 (9th Cir. 1993). *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no *respondeat superior* liability under section 1983.").

[54] *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell,* 436 U.S. at 694).

acted pursuant to an official policy or custom of the health care facility that employed them.

For these reasons, Plaintiff's claims in his Complaint against AA Pain Clinic, Inc. and Alaska Regional Hospital must also be dismissed. Although amendment as to either of these Defendants is likely futile, Plaintiff will be accorded leave to amend these claims. But as with his claims against the two individual providers, Plaintiff's claims against these two medical facilities cannot be joined in one case. And if Plaintiff includes AA Pain Clinic or Alaska Regional Hospital as a defendant in an amended complaint, he must plausibly allege facts that, if proven, would demonstrate that a policy, practice or custody of that entity was a moving force behind the alleged violation of Plaintiff's constitutional rights.

### E. Claim against Alaska Governor Dunleavy

Plaintiff cannot maintain his claim against Alaska Governor Michael Dunleavy. Governor Dunleavy has no personal involvement in an individual prisoner's medical care, and there are no additional allegations consistent with the Complaint that Plaintiff could plausibly allege that could state a claim of a constitutional violation by the Governor that was directed at Plaintiff. Therefore, Plaintiff's claim against Governor Dunleavy must be dismissed with prejudice.

### F. Claims against DOC Commissioner & DOC Director of Health and Human Services

Plaintiff's Complaint fails to plead sufficient facts, that accepted as true, state a claim against Travis Welch, DOC Director of Health and Rehabilitative Services,

or DOC Commissioner Jennifer Winkelman ("DOC Defendants"). Section 1983 requires that there be an actual connection or link between the actions of a defendant and the deprivation alleged to have been suffered by a plaintiff.[55] Plaintiff does not allege that either of the DOC Defendants was personally involved in decisions regarding his medical care. Rather, liberally construed, Plaintiff claims the DOC Defendants knowingly sent him to unqualified providers Dr. Johnston and PT John Doe.[56]

Where a complaint "specifically alleges ... that [a supervisory defendant] was given notice, in several reports, of systematic problems," and he or she "did not take action to protect inmates under his care despite the dangers ... of which he had been made aware," such allegations plausibly suggest that the supervisor acquiesced in the constitutional deprivation by "'knowingly refus[ing] to terminate a series of acts by others, which [they] knew or reasonably should have known would cause others to inflict a constitutional injury[.]'"[57]

Here, Plaintiff alleges that the DOC Defendants "knew of similar incidents" but offers no factual support for his claim that these two prison officials were

---

[55] *See Monell,* 436 U.S. at 658.

[56] Docket 1 at 18.

[57] *Starr,* 652 F.3d at 1207–08, 1216 (9th Cir. 2011) (quoting *Dubner v. City & Cnty. of S.F.,* 266 F.3d 959, 968 (9th Cir. 2001)). *See also Hink v. Extradition Corp. of Am.*, 889 F.2d 1094 (9th Cir. 1989) (government officials "cannot relieve themselves of their constitutional obligation to provide adequate medical treatment to those in [their] custody by contracting out to private parties."); *West,* 487 U.S. at 56 Al("Contracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody[.]").

directly involved and knowingly sent him to unqualified providers.[58] Selecting or retaining a negligent or unqualified provider, without proof the official actually knew the provider posed a serious risk, is not enough to state an Eighth Amendment violation.[59] Therefore, Plaintiff's Complaint fails to state a Section 1983 claim against the DOC Defendants. Nor can Plaintiff maintain medical malpractice claims against state officials that did not themselves provide medical care to the Plaintiff. Although amendment may be futile, Plaintiff is granted leave to amend these claims if the deficiencies identified in this order with regard to the DOC Defendants can be remedied.

## IV.    Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[60] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[61] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or

---

[58] Docket 1 at 17-18.

[59] *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that the official must actually know of and disregard an excessive risk to inmate health).

[60] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[61] Fed. Rule Civ. Proc. 8(a)(2).

defendants for which Plaintiff lacks a sufficient legal or factual basis.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[62] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice

---

[62] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

to Plaintiff for failure to state a claim. If this case is dismissed for failure to state a claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[63]

## V.     The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[64] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[65] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[66] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[67] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[68] In

---

[63] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[64] 28 U.S.C.A. § 1915(g).

[65] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[66] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[67] *Andrews,* 493 F.3d at 1056 (cleaned up).

[68] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 18 of 24

addition to being "imminent," the alleged danger must be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[69]

## VI.  Plaintiff's Motion for Court Appointed Counsel

There is no constitutional right to appointed counsel in a civil action.[70] A federal court "may request an attorney to represent any person unable to afford counsel."[71] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[72] When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.[73]

The Court finds that, on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Additionally, it appears that Plaintiff is able to adequately articulate his claims, even if those claims may not be viable causes of action under Section 1983. Further, although Section 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys

---

[69] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[70] *See Turner v. Rogers,* 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[71] 28 U.S.C. § 1915(e)(1).

[72] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[73] *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

from which it may request counsel to represent Plaintiff. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 4 is DENIED without prejudice. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

**IT IS THEREFORE ORDERED:**

1.      Plaintiff's Complaint at **Docket 1 is DISMISSED** with leave to file an amended complaint.

2.       Plaintiff's claims against Governor Dunleavy are **DISMISSED with prejudice.** Plaintiff's claims against Dr. Flanum, Dr. Janowski, and Orthopedic Physicians Alaska are **DISMISSED without prejudice to refiling those claims in a new case in state court;** these defendants must not be included in an amended complaint filed in this case.

3.      An amended complaint in this case may only assert a claim as to the medical care provided by Dr. Johnston **or** the care provided by PT John Doe. It must not include both these Defendants. If Plaintiff seeks to pursue his claims against both of these defendants, he must do so in two separate actions.

4.  Plaintiff is accorded **60 days** from the date of this order to file either:

a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

      b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

5.     If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff, for failure to state a claim.

6.     A Notice of Voluntary Dismissal does not count as a strike.[74]

7.     Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

8.     Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[75] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee directly from Plaintiff's prisoner trust account.

9.     If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[76] Failure to comply may result in dismissal of this action.

---

[74] *Spencer,* 140 F.4th at 1061.

[75] 28 U.S.C. § 1915(b)(1)&(2).

[76] The Court's template forms are available upon request from the Clerk's office and on the

Case No. 3:25-cv-00118-SLG, *Christian v. Dunleavy, et al.*
Screening Order
Page 21 of 24

10. Plaintiff's motion for court-appointed counsel at **Docket 4 is DENIED without prejudice.**

11. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[77] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[78] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

13. Plaintiff's motion for return of his original documents at **Docket 9 is GRANTED.** The Clerk of Court will please return to Plaintiff all the original

---

Court's website at https://www.akd.uscourts.gov/forms.

[77] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[78] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

attachments to Plaintiff's motion for appointment of counsel at Dockets 4-1, 4-2, and 4-3.

14.    All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, **litigants should not send the Court important original documents or documents that cannot be replaced.**[79] Copies of documents filed with the Court may be obtained from the Clerk's Office for 50 cents per page.[80] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[81]

15.    With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; (3) form PS23, Notice of Change of Address; and (4) the original documents Plaintiff filed in this case at Dockets 4-1, 4-2, and 4-3.

---

[79] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

[80] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[81]   *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing-options-access-records-if-you-cannot-afford-pacer-fees (last accessed Aug. 13, 2024). *Cf.* Local Rule 3.1(c)(3) (requiring applications to proceed without paying the filing fee be "fully completed signed *before* an application to waive prepayment of fees will be considered.") (emphasis added).

DATED 18th of November 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE